## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

UNITED STATES OF AMERICA    )
                            )
v.                          )          Criminal No. 3:22-cr-158–HEH
                            )
LAMAR JAVON WILLIAMS,       )
                            )
            Defendant.      )

### MEMORANDUM OPINION
### (Denying Defendant's Motion to Dismiss)

This matter is before the Court on Defendant Lamar Javon Williams'

("Defendant") Motion to Dismiss (the "Motion," ECF No. 16) Count One of the

Indictment (ECF No. 1), charging Defendant with possession of a firearm and

ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Defendant

moves to dismiss the Indictment on the ground that § 922(g)(1) is unconstitutional as

applied to him under the Supreme Court's firearm analysis articulated in *N.Y. State Rifle

& Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). For the reasons that follow, the

Court will deny Defendant's Motion.

### I. BACKGROUND

Defendant has three (3) prior felony convictions. (Mem. in Supp. at 1, ECF

No. 17; Resp. in Opp'n at 3, ECF No. 18.) In 2012, Defendant was convicted of

malicious wounding and was sentenced to ten (10) years of imprisonment with all ten

(10) years suspended. (Resp. in Opp'n at 3.) In 2014, Defendant was convicted of

possession of a firearm as a violent felon and was sentenced to five (5) years of

imprisonment. (*Id.*) In October 2022, Defendant was convicted of stealing property from a person and was sentenced to twenty (20) years of imprisonment with eighteen (18) years suspended. (*Id.*) Defendant also currently faces charges in Henrico County, Virginia for distributing drugs to inmates while incarcerated. (*Id.*)

On September 23, 2021, Richmond Police officers noticed a vehicle pull into the parking lot while conducting a merchant check. (*Id.* at 4.) One of the officers recognized Defendant in the passenger seat and noticed he had a black bag across his chest. (*Id.*) Defendant exited the vehicle and began walking away without the bag on his person. (*Id.*) Officers then spoke to the driver of the vehicle and saw a "red straw with white powder residue in it," folded lottery tickets next to the straw, and Defendant's black bag inside the vehicle. (*Id.*) Officers ordered the driver to exit the vehicle and found a loaded gun in his pocket. (*Id.*) Officers then conducted a search of the vehicle. (*Id.*) In doing so, they searched Defendant's black bag and found a fully-loaded pistol, Defendant's debit card, and a corner baggie containing 3.8 grams of heroin and fentanyl. (*Id.*) DNA testing on the pistol found DNA from at least three (3) individuals, and Williams could not be ruled out. (*Id.*) The results showed that "[t]he DNA profile is approximately 770 times more probable if the sample originated from [Defendant] and two unknown persons than if it originated from three unknown persons." (*Id.*) The Richmond Police issued arrest warrants for Defendant. (*Id.*)

On March 25, 2022, officers discovered Defendant at a gas station and approached his vehicle to arrest him. (*Id.*) Defendant then fled in his vehicle, nearly hitting the

police cruiser. (*Id.*) After a high-speed chase, Defendant crashed his vehicle and was taken into custody. (*Id.*) He possessed a corner baggie of fentanyl on his person and ten (10) pills in the vehicle. (*Id.*)

On October 18, 2022, a grand jury indicted Defendant for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Indictment at 1.) Defendant was arraigned on June 22, 2023, and entered a plea of not guilty. (Minute Entry at 1, ECF No. 14.) On July 13, 2023, Defendant filed the instant Motion to Dismiss the Indictment. Defendant moves to dismiss the Indictment as violating his Second Amendment right to bear arms. (Mot. at 1.) He argues that § 922(g)(1) is unconstitutional under the *Bruen* firearm analysis. (*Id.*) The Government filed its Opposition to the Motion on July 26, 2023.

The Court heard argument on the Motion on August 29, 2023, at the conclusion of which the Court took the matter under advisement, pending issuance of a formal written opinion. (Minute Entry at 1, ECF No. 26.) The Court also requested the parties submit any additional relevant case law to the Court within two (2) days. (*Id.*) The parties submitted supplemental authorities on August 31, 2023. (ECF Nos. 27, 28.)

## II. LEGAL STANDARD

Title 18 U.S.C. § 922(g)(1) makes it unlawful for a convicted felon to possess a firearm or ammunition. It states in full:

> It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or

3

ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). Defendant brings a facial challenge[1] to the constitutionality of § 922(g)(1) pursuant to Federal Rule of Criminal Procedure 12 which permits parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1).

A. Facial v. As-Applied Challenges

The type of constitutional challenge brought, whether facial or as-applied, impacts the showing a defendant must make. "An as-applied challenge requires only that the law is unconstitutional as applied to the challenger's case; a facial challenge requires this showing as well, but it also requires that there be 'no [other, theoretical] set of circumstances' in which the law could be constitutionally applied." *United States v. Mgmt. Consulting, Inc.*, 636 F. Supp. 3d 610, 619 (E.D. Va. 2022) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). Thus, an as-applied challenge must be "based on a developed factual record and the application of a statute to a specific person." *Richmond Med. Ctr. for Women v. Herring*, 570 F.3d 165, 172 (4th Cir. 2009) (en banc).

To succeed in a facial challenge, a party "must establish that no set of circumstances exists under which the Act would be valid." *United States v. Hosford*, 843

---

[1] Although Defendant frames his argument as an as-applied challenge, he does not provide argument as to why § 922(g)(1) is unconstitutional as applied to the particulars of his case. Rather, Defendant challenges the constitutionality of § 922(g)(1) generally under the *Bruen* analysis. (*See* Mem. in Supp. at 9–20.) Thus, this Court will treat his motion as a facial challenge to § 922(g)(1). *See United States v. Riley*, 635 F. Supp. 3d 411, 419 n.4 (E.D. Va. 2022).

F.3d 161, 165 (4th Cir. 2016) (quoting *Salerno*, 481 U.S. at 745 (internal quotations omitted)); *see also Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008). In other words, a party must show "that the law is unconstitutional in all of its applications." *Wash. State Grange*, 552 U.S. at 449 (citing *Salerno*, 481 U.S. at 745). "Because of this stringent standard, a facial challenge is perhaps 'the most difficult challenge to mount successfully.'" *Hosford*, 843 F.3d at 165 (quoting *Salerno*, 481 U.S. at 745).

### B. Pre-*Bruen* Framework

Defendant asserts that § 922(g)(1) violates the Second Amendment of the United States Constitution. The Second Amendment reads: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II.

The Fourth Circuit has adopted the two-step approach set forth in *District of Columbia v. Heller*, 554 U.S. 570 (2008), to evaluate Second Amendment challenges.[2] Under the *Heller* analysis, the first question is "whether the challenged law imposes a burden on conduct falling within the scope of the Second Amendment's guarantee." *United States v. Chester*, 628 F.3d 673, 680 (4th Cir. 2010) (internal citation and quotations omitted). This inquiry "seeks to determine whether the conduct at issue was understood to be within the scope of the right at the time of ratification." *Id.* (citing *Heller*, 554 U.S. at 625–26). If the challenged law falls within the scope of the Second

---

[2] Though *Bruen* modifies the *Heller* approach, the Court provides a break down of the *Heller* test as it is helpful to the analysis of the parties' arguments.

5

Amendment, then courts turn to the second step and apply "an appropriate form of means-end scrutiny." *Id.* at 680. Courts may apply either intermediate or strict scrutiny depending on "the nature of the conduct being regulated and the degree to which the challenged law burdens the right." *Id.* at 682; *see Heller*, 554 U.S. at 628, n.27 ("If all that was required to overcome the right to keep and bear arms was a rational basis, the Second Amendment would be redundant with the separate constitutional prohibitions on irrational laws, and would have no effect."). Though courts are not required to provide definitive rulings on the steps in order, a challenged law will be rendered unconstitutional only if it fails both prongs of *Heller*. *See Hosford*, 843 F.3d at 167.

The Fourth Circuit applied *Heller*'s two-step approach in determining the constitutionality of § 922(g)(1) in *United States v. Moore*, 666 F.3d 313 (4th Cir. 2012) and *United States v. Pruess*, 703 F.3d 242 (4th Cir. 2012), finding both challenges failed under *Heller*'s first-step. In *Moore*, the defendant brought both facial and as-applied challenges to § 922(g)(1). 666 F.3d at 316. The Fourth Circuit upheld § 922(g)(1) under the first-prong in *Heller*, finding that the defendant, as a violent felon, "simply does not fall within the category of citizens to which the *Heller* court ascribed the Second Amendment protection of 'the right of law-abiding responsible citizens to use arms in defense of hearth and home.'" 666 F.3d at 319 (quoting *Heller*, 554 U.S. at 635) (emphasis omitted).

In *Pruess*, the defendant, a non-violent felon, brought facial and as-applied challenges to the constitutionality of § 922(g)(1). 703 F.3d at 244–47. Echoing *Moore*,

the Fourth Circuit held that "'longstanding prohibitions on the possession of firearms by felons'" are "presumptively lawful" under *Heller*. *Id.* at 245 (quoting *Heller*, 554 U.S. at 626–27 & n.26). In upholding § 922(g)(1), the Fourth Circuit found that the defendant could not "rebut the presumption of lawfulness of the felon-in-possession prohibition as applied to him." *Id.* at 246. The Fourth Circuit in *Pruess*, like in *Moore*, found that the defendant "undoubtedly flunks the 'law-abiding responsible citizen' requirement." 703 F.3d at 246 (citing *Moore*, 666 F.3d at 320). Thus, the court rejected the defendant's challenge under the presumptive lawfulness holding and first-prong of *Heller*.

      C. Post-*Bruen* Framework

      In *Bruen*, the Supreme Court articulated a new two-step analysis for constitutional challenges to firearm regulations, rejecting *Heller*'s second step: means-end scrutiny review. 142 S. Ct. at 2127. Under *Bruen* step one, courts are to consider whether "the Second Amendment's plain text covers an individual's conduct."[3] *Bruen*, 142 S. Ct. at 2126. If the court finds that the individual's conduct is, in fact, covered by the plain text of the Second Amendment, then the burden shifts to the government to "demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* To do so, the government need only identify "a well-established and representative historical analogue" of the modern-day challenged law, "not a historical twin." *Id.* at 2133 (emphasis omitted). "Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls

---

[3] The first step of the *Bruen* analysis remains the same as that of the *Heller* analysis. *Bruen*, 142 S. Ct. at 2129.

outside the Second Amendment's 'unqualified command.'" *Id.* at 2126 (citing

*Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 49 n.10 (1961)).

## III. DISCUSSION

Defendant asserts that this Court must dismiss Count One of the Indictment

because § 922(g)(1) is unconstitutional under the *Bruen* analysis. However, the

Government contends that this Court need not conduct the *Bruen* analysis to decide this

case because this Court is bound by (1) *Heller*'s finding that "prohibitions on the

possession of firearms by felons" are "presumptively lawful" (Resp. in Opp'n at 5

(quoting *Heller*, 554 U.S. at 626–27 & n.26)); and (2) the Fourth Circuit's pre-*Bruen*

precedent finding § 922(g)(1) constitutional using only the first-prong of the *Heller*

analysis. (*Id.* at 8–11.) Defendant opposes both arguments, and alleges that this Court is

required to engage in the *Bruen* analysis. (Mem. in Supp. at 1–8.) Defendant also asserts

that the Indictment must be dismissed under *Range v. Att'y Gen.*, 69 F.4th 96 (3d Cir.

2023), and *United States v. Bullock*, No. 3:18-cr-165, 2023 WL 4232309 (S.D. Miss.

Jun. 28, 2023), as the Fourth Circuit has not yet considered a *Bruen* challenge to

§ 922(g)(1). (Mem. in Supp. at 5–9.)

### A. Prohibitions on Firearms Possession are Presumptively Lawful

First, the Court addresses the presumptive lawfulness of § 922(g)(1) under *Heller*.

Defendant argues that the presumptive lawfulness language of *Heller* is mere dicta and

does not bind this Court. (Reply at 1–6, ECF No. 22.) Defendant also asserts that *Bruen*

makes clear that courts should not give "uncritical deference" to *Heller*'s presumptively

lawful language, but instead courts must conduct the two-step *Bruen* analysis for constitutional challenges to firearm regulations. (*Id.* at 8.)

The Government asserts that *Bruen* confirmed *Heller*'s finding that longstanding prohibitions on firearms possession by felons are presumptively lawful and, therefore, this finding binds this Court. (Resp. in Opp'n at 6–8 (citing *Bruen*, 142 S. Ct. at 2118, 2128, 2133, 2134).) The Government also notes that the concurring opinions in *Bruen* explain that the majority opinion does not "disturb" or "cast doubt" on *Heller*'s presumptively lawful language. (*Id.* at 7 (citing *Bruen*, 142 S. Ct. at 2157 (Alito, J., concurring); *id.* at 2162 (Kavanaugh, J., joined by Roberts, C.J. concurring)).)

Contrary to Defendant's assertion, this Court finds that *Heller*'s presumptively lawful language is not mere dicta, but rather binds this Court. *Bruen* repeatedly relied on and reaffirmed *Heller*'s presumptive lawfulness of longstanding prohibitions on firearms possession. *See* 142 S. Ct. at 2118, 2133; *see also id.* at 2157 (Alito, J., concurring) ("Nor have we disturbed anything that we said in *Heller* . . . about restrictions that may be imposed on the possession or carrying of guns."); *id.* at 2162 (Kavanaugh, J., joined by Roberts, C.J., concurring) ("Properly interpreted, the Second Amendment allows a 'variety' of gun regulations" including "longstanding prohibitions on the possession of firearms by felons . . . ." (quoting *Heller*, 54 U.S. at 636)); *id.* at 2189 (Breyer, J., joined by Sotomayor and Kagan, J.J., dissenting) ("Like Justice Kavanaugh, I understand the Court's opinion today to cast no doubt on that aspect of *Heller*'s holding [on those firearm regulations deemed 'presumptively lawful']."); *Vincent v. Garland*, No. 21-4121,

9

2023 WL 5988299, at * (10th Cir. Sept. 15, 2023) ("[S]ix of the nine Justices pointed out that *Bruen* was not casting any doubt on [the presumptive lawfulness of longstanding prohibitions on possession of firearms by convicted felons] language in *Heller*." (internal citations omitted)). Because *Bruen* serves to clarify and reiterate *Heller*, it did not invalidate or overrule *Heller*'s holding that "longstanding prohibitions on the possession of firearms by felons" are "presumptively lawful." *Heller*, 554 U.S. at 626–27 & n.26.

Further, while the Fourth Circuit has not yet opined on the constitutionality of § 922(g)(1), the vast majority of the courts in this Circuit have found that because *Bruen* did not displace *Heller*, they are bound by *Heller*'s admonition regarding longstanding prohibitions on the possession of firearms by felons. *See, e.g., Nicks v. United States*, No. 5:23-cv-2 (5:20-cr-97), 2023 WL 4356065, at *10 (W.D.N.C. July 5, 2023); *United States v. Kearney*, No. 4:23-cr-29, 2023 WL 3940106, at *2 (E.D. Va. June 9, 2023); *United States v. Finney*, No. 2:23-cr-13, 2023 WL 2696203, at *2 (E.D. Va. Mar. 29, 2023); *United States v. Wilkerson*, No. 2:22-cr-152, 2023 WL 3220186, at *3 (E.D. Va. May 2, 2023). Accordingly, the Court declines to grant Defendant's Motion on these grounds.

### B. Pre-*Bruen* Fourth Circuit Precedent is Controlling

The Court now turns to the Fourth Circuit's pre-*Bruen* precedent determining the constitutionality of § 922(g)(1)—*Moore* and *Pruess*. The Government contends that this Court is bound by *Moore* and *Pruess*, which upheld the constitutionality of § 922(g)(1) without applying means-end scrutiny. (Resp. in Opp'n at 8–11.) The Government argues

10

that, because *Bruen* reaffirmed *Heller*, the Supreme Court "effectively reaffirm[ed] *Moore* and *Pruess*." (*Id.* at 9.)

Defendant argues that *Moore* and *Pruess* rely solely on the presumptive lawfulness language in *Heller* and did not undergo the two-step firearm analysis in finding § 922(g)(1) constitutional. (Reply at 7–8.) Thus, Defendant asserts that *Moore* and *Pruess* do not survive *Bruen*. (*Id.*)

Turning to the question of whether *Bruen* "specifically rejected," *United States v. Williams*, 155 F.3d 418, 421 (4th Cir. 1998), or "clearly undermined," *Qingyun Li v. Holder*, 666 F.3d 147, 150 (4th Cir. 2011), the Fourth Circuit precedent, and determines that *Bruen* did no such thing. *Bruen* neither specifically rejected nor clearly undermined *Moore* and *Pruess*. Instead, *Bruen* expressly rejected the application of means-end scrutiny in constitutional challenges to the Second Amendment. 142 S. Ct. at 2127. However, neither *Moore* nor *Pruess* applied means-end scrutiny when upholding the constitutionality of § 922(g)(1). *See Moore*, 666 F.3d at 316–20; *Pruess*, 703 F.3d at 245–47. Therefore, *Bruen* did not specifically reject *Moore* or *Pruess*.

Nor did *Bruen* clearly undermine the reasoning of *Moore* and *Pruess*. Both cases relied on *Heller*'s holding that longstanding felon-in-possession laws are presumptively lawful, which this Court has determined remains binding. *See Moore*, 666 F.3d at 317–20; *Pruess*, 703 F.3d at 245–47. Further, *Moore* and *Pruess* rest on step one of then-*Heller* and now-*Bruen* analysis. In both cases, the Fourth Circuit held that the Second Amendment only protects "law-abiding responsible citizens," and the defendants, as

11

convicted felons, fall outside of this scope of protection. *Moore*, 666 F.3d at 319 (emphasis omitted) (internal citations omitted); *Pruess*, 703 F.3d at 245–46 (internal quotations omitted).

Accordingly, this Court rejects Defendant's argument, and adheres to *Moore* and *Pruess* as controlling Fourth Circuit precedent. Notably, every district court that has addressed this argument in the Fourth Circuit has similarly found that *Moore* and *Pruess* remain good law and bind this Court. *See, e.g., Riley*, 635 F. Supp. 3d at 424 ("Armed with this well-healed reading of *Bruen*, this Court concludes that the Fourth Circuit's decisions in *Moore* and *Pruess* remain good law and control the disposition of [the d]efendant's motion to dismiss."); *Kearney*, 2023 WL 3940106, at *2; *Finney*, 2023 WL 2696203, at *3–4; *Wilkerson*, 2023 WL 3220186, at *3; *United States v. Spencer*, No. 2:22-cr-106, 2022 WL 17585782, at *4 (E.D. Va. Dec. 12, 2022); *United States v. Robinson-Davis*, No. 7:22-cr-45, 2023 WL 2495805, at *3 (W.D. Va. Mar. 14, 2023); *United States v. Bever*, No. 2:22-00164, 2023 WL 2991870, at *5 (S.D. W. Va. Apr. 18, 2023); *United States v. Lane*, No. 3:23-cr-62, 2023 WL 5663084, at *13 (E.D. Va. Aug. 31, 2023).

Bound by the presumptive lawfulness of longstanding prohibitions on the possession of firearms by felons under *Heller*, and the Fourth Circuit precedent in *Moore* and *Pruess*, Defendant's Motion to Dismiss Count One of the Indictment will be denied.

C. Defendant's Claim Fails under the *Bruen* Analysis

Because this Court disposes of Defendant's § 922(g)(1) challenge pursuant to

*Heller*, *Moore*, and *Pruess*, the Court need not analyze Defendant's claim under *Bruen*. However, in the interest of completeness, this Court hereby adopts the well-reasoned explanation articulated in *Lane*, which engaged in the *Bruen* analysis and found that "felons are not among 'the people' whose conduct the Second Amendment protects." 2023 WL 5663084, at *14–23. This Court similarly finds that Defendant, as a convicted felon, is not a "law-abiding responsible citizen" who is afforded the protections of the Second Amendment.

## IV. CONCLUSION

As reasoned above, the Court will deny Defendant's Motion to Dismiss. An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Judge

Date: Sept. 28, 2023
Richmond, Virginia

13